UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELO LAMONT WISE,

    Petitioner,

v.

MARY BERGHUIS,

    Respondent.
_____/

Case No. 13-cv-10360

HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## ORDER DENYING (1) PETITIONER'S MOTION FOR EVIDENTIARY HEARING AND (2) PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL

Petitioner Angelo Lamont Wise, a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the Court is petitioner's Motion for Evidentiary Hearing [Dkt. No. 2], and Motion to Appoint Counsel [Dkt. No. 3]. Petitioner seeks an evidentiary hearing with respect to his ineffective assistance of counsel claim and counsel to assist him in these habeas proceedings.

## I. EVIDENTIARY HEARING

Petitioner's request for an evidentiary hearing is premature. The Court will therefore deny without prejudice petitioner's motion for an evidentiary hearing.

Rule 8(a) of the Rules Governing Section 2254 Cases states in pertinent part: "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rules Governing §2254 Cases, Rule 8(a), 28 U.S.C. foll. §2254. When deciding whether to grant an evidentiary hearing,"a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the

petitioner to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.* If a habeas petitioner has failed to develop the factual basis for his claim in state court, the district court is precluded from granting an evidentiary hearing unless the petitioner establishes that the claim relies on a new, retroactive rule of constitutional law or a factual predicate that could not have been discovered except by due diligence. 28 U.S.C. § 2254(e)(2); *Robinson v. Howes*, 663 F.3d 819, 823-24 (6th Cir. 2011). Where a petitioner has been diligent, the decision to grant an evidentiary hearing is within the discretion of the trial court. *Robinson*, 663 F.3d at 824.

It is evident from these standards that a federal district court must refer to the entire record in order to determine whether it is appropriate to grant an evidentiary hearing in a habeas corpus case. In this case, the record has not yet been filed. The response and Rule 5 materials are due on August 9, 2013. Without reviewing these materials, the Court cannot determine whether an evidentiary hearing on his claim is needed or permitted. Once the Court reviews the entire record, if the Court decides an evidentiary hearing is appropriate, it will order one at that time.

## II. APPOINTMENT OF COUNSEL

The Court will also deny without prejudice petitioner's motion for the appointment of counsel.

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (*citing McCleskey v. Zant*, 499 U.S. 467, 495 (1987)). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E. D. Mich. 2004); Rules Governing §2254 Cases, Rule 8(a), 28 U.S.C. foll. §2254. If an evidentiary hearing is unnecessary,

2

the appointment of counsel in a habeas case remains discretionary. *Lemeshko,* 325 F. Supp. 2d at 787. Counsel may be appointed, in exceptional cases, for a *pro se* habeas petitioner, where the petitioner has made a colorable claim but lacks the means to investigate, prepare or present that claim. *Id.* at 788.

Petitioner in this case has filed a 116 page habeas petition, including numerous attached exhibits, setting forth his habeas claims, and has been able to file these motions. The Court concludes that he has the means and ability to present his claims to the Court. Moreover, until the Court has had an opportunity to review all of the pleadings and the Rule 5 materials, it is unable to determine whether an evidentiary hearing is necessary or permitted. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); Rules Governing § 2254 Cases, Rules 6(a) and 8(a), 28 U.S.C. foll. § 2254,.

Petitioner's motion will be denied without prejudice. The Court will reconsider his request for counsel if, following review of the responsive pleadings and the Rule 5 materials, the Court determines that appointment of counsel is necessary.

III. CONCLUSION

Petitioner's Motion for an Evidentiary Hearing [Dkt. No. 2], and Motion to Appoint Counsel [Dkt. No. 3] are **DENIED WITHOUT PREJUDICE**. The Court will reconsider petitioner's motions following review of the pleadings and the Rule 5 materials. Petitioner need not file any additional motions in regard to these issues.

**SO ORDERED.**

_____
PAUL D. BORMAN
United States District Judge

Dated: February 15, 2013