UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELO WISE,

      Petitioner,

                               Case No. 2:13-cv-10360

v.                               Hon. Paul D. Borman
                                 United States District Judge

MARY BERGHUIS,

      Respondent.

_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY
AND HOLD THE PETITION FOR WRIT OF HABEAS CORPUS IN
ABEYANCE [Dkt. 21]**

This is a habeas corpus case filed by a Michigan prisoner incarcerated at the

Earnest C. Brooks Correctional Facility. Petitioner, Angelo Wise, was convicted after

a jury trial in the Wayne Circuit Court of first-degree felony murder, MICH. COMP.

LAWS § 750.316, armed robbery, MICH. COMP. LAWS § 750.529, possession of a

firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, felon in

possession of a firearm, MICH. COMP. LAWS § 750.224f, and carrying a concealed

weapon, MICH. COMP. LAWS § 750.227. As a result of these convictions, Petitioner

is serving concurrent sentences of life without parole for the murder conviction, 50-to-

75 years for the armed robbery conviction, 5-to-20 years for the felon in possession

1

conviction and the concealed weapon conviction, and a consecutive to 2-year term for the felony-firearm conviction.

The petition raises eleven claims: 1) the prosecution did not exercise due diligence in attempting to locate witnesses for trial, 2) Petitioner's trial counsel provided ineffective assistance, 3) the trial court erroneously instructed the jury, 4) the prosecutor committed misconduct, 5) Petitioner's appellate counsel provided ineffective assistance of counsel prior to filing the appellate brief, 6) the jury's oath was defective, 7) Petitioner's appellate counsel was ineffective for failing to raise certain claims in the appellate brief, 8) Petitioner's convictions for carrying a concealed weapon, felon in possession of a weapon, murder, and armed robbery violate his right against Double Jeopardy, 9) insufficient evidence was presented at trial to sustain the element of malice to support Petitioner's second-degree murder conviction, 10) insufficient evidence was presented at trial to sustain Petitioner's first-degree felony murder conviction, and 11) Petitioner was erroneously denied jail credit.

Petitioner has filed a series of motions, the last of which seeks to stay his petition. His motion and amended motion for guidance assert he has new evidence that the prosecutor and police willfully fabricated and withheld vital exculpatory evidence from the defense. The motions assert this new evidence was recently discovered by family members who have been assisting him. His motion for stay asks for the Court

2

to stay his habeas petition while he returns to state court to present his new claims there. For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to exhaust his new claims.

## I. Background

Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals. His appellate attorney filed a brief raising the following claim:

I. Defendant is entitled to a new trial where the trial court erred in finding due diligence as to Mr. Simmons, an endorsed witness.

Petitioner filed a pro se supplemental brief, raising an additional four claims:

I. Trial counsel failed to perform to an objective standard and provide effective assistance during trial preparation and investigation and during the trial.

II. The trial court erred by not instructing the jury regarding self-defense, manslaughter, or lost evidence.

III. The prosecutor engaged in multiple instances of prejudicial misconduct.

IV. Defendant was denied the effective assistance of appellate counsel for failing to request an evidentiary hearing or timely provide transcripts for appeal.

The Michigan Court of Appeals affirmed Petitioner's conviction in an

3

unpublished opinion. *People v. Wise*, No. 286957, 2010 WL 364190 (Mich. Ct. App. Feb. 2, 2010).

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims as in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Wise*, 783 N.W.2d 344 (Mich. 2010) (table).

On or about March 18, 2011, Petitioner filed a motion for relief from judgment in the trial court, raising the following claims:

> I. The jury was given a defective jury oath, mandating reversal.
>
> II. Defendant was denied the effective assistance of appellate counsel by his counsel's failure to raise his double jeopardy issues.
>
> III. Defendant's convictions of both CCW and felon in possession and his convictions of both felony murder and armed robbery violated double jeopardy.
>
> IV. There was insufficient evidence of malice element of second-degree murder.
>
> V. There was insufficient evidence of malice element of felony murder.
>
> VI. Defendant was improperly denied jail credit to his life sentence, in effect giving him an unlawful sentence of life plus 239 days.

The trial court denied the motion for relief from judgment in an order dated April 14, 2011. Petitioner then filed an application for leave to appeal in

4

the Michigan Court of Appeals. The application was denied for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *People v. Wise*, No. 306507 (Mich. Ct. App. May 2, 2012). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, but it was also denied under Rule 6.508(D). *People v. Wise*, 821 N.W.2d 551 (Mich. 2012) (table).

## II. Discussion

Petitioner seeks to eventually present his newly discovered claims in this action. A state prisoner seeking federal habeas relief, however, must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U.S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith*, 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by

5

a federal court. *Id*.

The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations may ask for a federal habeas petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)(*citing Rhines v. Weber*, 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

According to the allegations in Petitioner's motion for guidance, his family members recently discovered through their own investigation a Michigan State Police lab report regarding a bullet fragment that was recovered and tested in his case. Petitioner asserts prosecution witnesses falsely testified at trial that the fragment went missing from the Detroit Police Crime lab when in truth it has been sent to the state police for testing. Petitioner asserts that the lab report indicates that test result on the bullet fragment was inconclusive. Petitioner's amended motion for guidance further asserts his family members have discovered new evidence indicating that the officer in charge of the case

and the trial prosecutor knew that a prosecution witness gave a statement to police differing from his testimony, and the prosecutor failed to correct the false testimony at trial. Petitioner characterizes the witness statement as newly discovered.

Normally, a Michigan defendant may not file a second motion from judgment in the trial court. See Michigan Court Rule 6.502(G). This rule has an exception for motions based on "new evidence that was not discovered before the first such motion." Rule 6.502(G)(2). Accordingly, while expressing no opinion whether Petitioner's proffered new evidence qualifies for the filing of a second motion, the Court finds that Petitioner has a potential state court procedure available to pursue exhaustion of his new claims. Furthermore, at least before the claims are presented to the state courts, this Court cannot conclude that Petitioner's new claims are "plainly meritless." See *Rhines*, 544 U.S. at 278.

Because of concerns posed by the statute of limitations, the Court will therefore stay the petition pending exhaustion of his new claims. However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at

278. Therefore, to ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

This tolling is conditioned upon Petitioner diligently pursuing relief in the state courts by filing a motion for relief from judgment in the trial court within sixty days of this order, pursuing a timely appeal in the state courts if the motion is denied, and then returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *See Hargrove v. Brigano*, 300 F. 3d 717, 718 (6th Cir. 2002).

### III. Order

Accordingly, it is **ORDERED** that Petitioner's motion to stay (Dkt. 21) is granted. The petition for writ of habeas corpus shall be held in abeyance pending completion of Petitioner's second state application for post-conviction review. This tolling is conditioned upon Petitioner filing his motion for relief from judgment within sixty days of this order and then re-filing his habeas petition–using the case number already assigned to this case–within sixty days after the conclusion of the state court post-conviction proceedings.

8

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

It is further **ORDERED** that Petitioner's motion for guidance and motion to amend motion for guidance (Dkts. 18 and 19) are denied as moot.


s/Paul D. Borman                                  
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 27, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 27, 2015.


s/Deborah Tofil                                  
Case Manager

9