UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELO WISE,

                Petitioner,                  Case No.  2:13-cv-10360
                                                    Hon. Paul D. Borman

v.

MARY BERGHUIS,

                Respondent.

_____/

**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL [DKT. 25], AND GRANTING PETITIONER'S MOTION TO EXTEND TIME TO FILE MOTION FOR RELIEF FROM JUDGMENT IN STATE COURT [DKT. 26]**

On January 29, 2013, Petitioner Angelo Wise, a state inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. On May 27, 2015, after Petitioner alleged that he discovered new evidence supporting additional unexhausted claims, the Court granted Petitioner's motion to stay this case so that he could exhaust his state court remedies. The order gave Petitioner sixty days to file his motion for relief from judgment in the state trial court. Pending before the Court is Petitioner's motion to appoint counsel [dkt. 25], and motion "to file protective petition," [dkt. 26]. For the reasons set forth below, the Court will deny the motion to appoint counsel without prejudice and grant Petitioner an extension of time to file his motion for relief from judgment in the state trial court.

First, with respect to the motion to appoint counsel, the constitutional right to counsel in criminal proceedings provided by the Sixth Amendment does not apply to an application for writ of habeas corpus, which is a civil proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003), *reh'g denied*, 539 U.S. 970 (2003). The Court has broad

discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In this case, the current action is being held in abeyance, and the Court therefore finds that it is premature to determine whether justice requires appointment of counsel. Nor does the Court have authority to appoint counsel to represent Petitioner in state court. Petitioner's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE.**

With respect to Petitioner's "motion to file a protective petition," he asserts that he is having difficulties filing his state post-conviction motion in the trial court. According to Petitioner, the trial court has filed his exhibits, but despite his efforts, the court has not yet accepted the motion for filing. Federal Rule of Civil Procedure 6(b)(1)(A) authorizes the court to extend any time period specified in its orders for good cause. For the reasons stated in the motion, the Court will **GRANT** Petitioner's request. Petitioner will have an additional 60 days from the date of this order to file his motion for relief from judgment in the state trial court to be in compliance with the terms of this Court's order of May 27, 2015.

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 8, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 8, 2015.

s/Deborah Tofil
Case Manager