UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELO WISE,

    Petitioner,                                        Case No. 2:13-cv-10360
                                                        Hon. Paul D. Borman

v.

MARY BERGHUIS,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELEASE ON BOND [Dkt. 56], DENYING WITHOUT PREJUDICE MOTION FOR DISCOVERY [Dkt. 57], AND DENYING WITHOUT PREJUDICE MOTION FOR ADDITIONAL RULE 5 MATERIALS [Dkt. 58]**

Petitioner Angelo Wise filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court are three motions filed by Petitioner. Petitioner requests his release from custody on bond. (Dkt. 56). He requests copies of police records and 9-1-1 records. (Dkt. 57). Finally, Petitioner seeks an order compelling Respondent to file copies of an investigative subpoena testimony and other transcripts. (Dkt. 58).

With respect to Petitioner's motion for release, to receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some

1

circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). "There will be few occasions where a prisoner will meet this standard." *Id*. Petitioner's motion fails to establish the existence of any extraordinary and exceptional circumstances which merit release on bond. Therefore, the Court denies the motion for release on bond.

With respect to Petitioner's discovery motions, in *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011), the Supreme Court held that where habeas claims have been decided on the merits in state court, a federal court's review under 28 U.S.C. section 2254(d)(1) - whether the state court determination was contrary to or an unreasonable application of federal law - is limited to the record reviewed by the state courts. At this point in the proceedings, the Court will deny without prejudice Petitioner's discovery motions until such time as it has reviewed the state court record and Respondent's answer to determine whether the requested materials could be properly considered by the Court. The Court will reconsider these requests on its own motion if it determines that some or all of Petitioner's claims survive review under Section 2254(d) without the need for Petitioner to file an additional motion.

Accordingly, **IT IS ORDERED** that Petitioner's motion for release [Dkt. 56] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for discovery [Dkt. 57], and motion for additional Rule 5 material [Dkt. 58], are **DENIED WITHOUT PREJUDICE**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: February 8, 2019